UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD EAREHART,

        Plaintiff,

v.

PEERLESS CHAIN COMPANY,

        Defendant.

_____/

Case No. 2:25-cv-13340

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING MOTION TO DISMISS OR STRIKE [10]

This is a products liability case about an allegedly defective chain. After the chain allegedly broke, molten metal splashed onto Plaintiff Todd Earehart and caused severe injuries. ECF No. 1-1, PageID.18. Earehart then sued Defendant Peerless Chain Company under various state law theories. Defendant removed the case to federal court and answered the complaint. ECF Nos. 1, 2. Then, months after answering the complaint, Defendant filed two notices of nonparty fault pursuant to Michigan Court Rule 2.112(K). ECF Nos. 7, 8.

In response, Plaintiff moved to dismiss or strike one of the two notices pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). ECF No. 10. But motions under Rules 12(b)(6) and 12(f) can only be directed at pleadings. And notices of nonparty fault do not qualify as pleadings under the federal rules. *See* Fed. R. Civ. P. 7(a). On that basis, the Court will deny the motion. In addition, because the motion mistakenly tries to impose state pleading requirements in federal court, the Court

1

will decline to construe it as a motion in limine. Going forward, Plaintiff is free to file a motion in limine that raises some or all of the same issues.

## BACKGROUND

Notices of nonparty fault are creatures of Michigan Court Rule 2.112, which governs the pleading of special matters in Michigan courts. Here, Defendant filed two notices of nonparty fault. ECF Nos. 7, 8. One notice asserted that Plaintiff's injuries were caused by his employer at the time of the accident—nonparty Troy Design & Manufacturing Co. ECF No. 7, PageID.113. The other notice asserted that Plaintiff's injuries were caused by nonparty Commercial Group Lifting Products. ECF No. 8, PageID.116–117. Plaintiff later moved to amend his complaint to add Commercial Group Lifting Products as a Defendant. ECF No. 15. But Plaintiff challenged the notice of nonparty fault directed at Troy Design & Manufacturing Co. and filed a motion to dismiss or strike under Rule 12(b)(6) and 12(f). ECF No. 10.

The motion made several arguments: (1) that the notice should be stricken pursuant to Federal Rule 12(f) as deficient under Michigan Court Rule 2.112(k), (2) that the notice should be stricken pursuant to Federal Rule 12(f) because foreseeable misuse of a product does not reduce manufacturer liability, and (3) that the notice must be dismissed pursuant to Federal Rule 12(b)(6) because the employer is immune and does not owe a tort duty to the plaintiff. ECF No. 10, PageID.133–139.

## DISCUSSION

The Court will dismiss the motion based on a simple syllogism. Motions under Rules 12(b)(6) and 12(f) must be directed at pleadings. And a notice of nonparty fault

2

is not a pleading. Therefore, a litigant cannot bring a motion under Rule 12(b)(6) or 12(f) that is directed at a notice of nonparty fault.

The text of Rule 12(b) governs defenses "to a claim for relief in any *pleading*." (emphasis added). One such defense is "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Meanwhile, Rule 12(f) provides that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Thus, according to the text, a motion under Rule 12(b)(6) or 12(f) must be directed at a pleading.

Rule 7 provides an exhaustive list of documents that qualify as pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Notices of nonparty fault do not fall under any of these categories and, as a result, do not qualify as pleadings. *See Design Basics, LLC v. Chelsea Lumber Co.*, No. 11-cv-10854, 2013 WL 3471142, at *1 (E.D. Mich. July 10, 2013). On that basis, the Court can deny the motion.[1]

Next, the Court will not construe the motion as a motion in limine. At least one other judge in the Eastern District has construed a motion to strike a notice of

---

[1] Though at least one other judge in the Eastern District has used Michigan Court Rule 2.112(K) to strike a notice of nonparty fault as "deficiently pleaded," *Brantley v. Walmart, Inc.*, No. 20-cv-10432, 2020 WL 5939192, at *1 (E.D. Mich. Oct. 7, 2020) (Drain, J.), the Court finds *Design Basics* more persuasive, especially in light of the Supreme Court's recent decision in *Berk v. Choy*, 607 U.S. 187, 192 (2026).

nonparty fault as a motion in limine. *See Design Basics*, 2013 WL 3471142, at *1. But the Court will decline to do so here because of the poor quality of the existing briefing.

In federal court, the pleading of affirmative defenses like nonparty fault is governed by Federal Rule of Civil Procedure 8(c). *See Dresser v. Cradle of Hope Adoption Ctr., Inc.,* 421 F. Supp. 2d 1024, 1028 (E.D. Mich. 2006) (noting that nonparty fault is an affirmative defense and that "the state procedural rule [of 2.112(K)] does not apply in this federal action."). Accordingly, whether a party sufficiently invoked nonparty fault should turn on whether the defense is raised in an answer—not a notice of nonparty fault. *See id.*

Neither party grappled with the Supreme Court's recent (January 2026) decision in *Berk v. Choy*, 607 U.S. 187, 192 (2026). That decision explained that "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether" and applies the Federal Rule. *Id.* at 552. That is true even if the state law is considered substantive under *Erie. Id.*

*Berk* held that a plaintiff bringing a medical malpractice claim in federal court under Delaware law did not have to attach an affidavit of merit to his complaint, even though it is a requirement under Delaware law. The Supreme Court wrote, "unless the Federal Rules single out a claim for special treatment, *see, e.g.*, Fed. R. Civ. P. 9, Rule 8 sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims." *Id.* (citation modified). The same logic presumably applies to defendants: subject to any special requirements of Rule 9, Rule 8 sets the ceiling for what defendants have to say about affirmative defenses. *See 5 Wright &*

*Miller's Federal Practice & Procedure* § 1272 (4th ed. 2026) ("[T]he pleading requirements of Rule 8(c) should prevail over a conflicting state pleading practice.").

Here, Michigan Court Rule 2.112(K) is one of several rules for "Pleading Special Matters" in state court. Federal Rule of Civil Procedure 9 has the same name. But it lacks any special requirements for using nonparty fault as a defense. *See* Fed. R. Civ. P. 9. That would seem to foreclose any attempt to require federal defendants to abide by Michigan Rule 2.112(K) or to allow federal defendants to use 2.112(K) to bypass the requirements of Federal Rule 8.

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss or strike [7] is **DENIED**. The denial is without prejudice to Plaintiff's ability to file a motion in limine that covers some or all of the same issues.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 14, 2026